UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL O MCGARY,

　　　　　　　Plaintiff,

　　　v.

JAY INSLEE, SUSAN DRYFUS, MARK LINDQUIST, MARK STRONG, CATHY HARRIS, ELENA LOPEZ, KAYLA NORTON, CARRISSA BONNEMA, KATHRINE GRIM, RANDY PECHOES,

　　　　　　　Defendants.

CASE NO. 3:15-CV-05840-RBL-DWC

ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT

　　　The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants Bonnema, Dryfus, Grim, Harris, Inslee, Lopez, Norton, Pechoes, and Strong's Motion for a More Definite Statement ("Motion").[1] Dkt. 19. After review of the Motion and the record before the Court, the Motion is granted and Plaintiff is ordered to file an amended complaint on or before April 4, 2016.

---

[1] Throughout this Order, "Defendants" refers to Defendants Bonnema, Dryfus, Grim, Harris, Inslee, Lopez, Norton, Pechoes, and Strong. Defendant Mark Lindquist, the only Defendant not named in the Motion, is represented by separate counsel. He has filed a motion to dismiss alleging Plaintiff has failed to state a claim. *See* Dkt. 21.

ORDER - 1

**Request to Strike**

Defendants filed the Motion on January 27, 2016. Dkt. 19. Plaintiff filed his Response on February 1, 2016, and Defendants filed their Reply on February 11, 2016. Dkt. 24, 26. In their Reply, Defendants request the Court strike the declaration, unidentified photos, and other unidentified and uncited materials attached to Plaintiff's Response. Dkt. 26, p. 3-4. Defendants state the declaration is improperly sworn and the other materials fail to meet the evidentiary requirements of identification or authentication. *Id.* at p. 4. For the reasons provided by Defendants, the request to strike the documents attached to Plaintiff's Response is granted.

**Background**

On November 19, 2015, Plaintiff, a civil committee housed at the Special Commitment Center ("SCC"), filed the Complaint alleging Defendants violated his constitutional rights. Dkt. 1. Plaintiff contends Defendants violated his Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights. *See id.* On January 6, 2016, Defendants filed Notice of Related Case, notifying the Court Plaintiff had a lawsuit on appeal to the Court of Appeals for the Ninth Circuit which involved substantially the same parties and substantially the same claims. Dkt. 11.

**Discussion**

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). If a pleading is so vague or ambiguous a defendant "cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534

1 U.S. 506, 514 (2002). Defendants are required to "point out the defects complained of and the
2 details desired." Fed. R. Civ. P. 12(e).

3      In their Motion, Defendants request the Court direct Plaintiff to (1) provide dates to
4 support his allegations and (2) causally connect Defendants to the alleged constitutional
5 violations. Dkt. 19.

6      First, Defendants maintain they cannot properly answer the Complaint because the
7 Complaint does not contain the dates on which the alleged violations occurred. Dkt. 19. The
8 Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts
9 [ ] apply the applicable period of limitations under state law for the jurisdiction in which the
10 claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir.1981). In *Rose*, the Ninth Circuit
11 determined the three year limitations period identified in Revised Code of Washington
12 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at
13 547; *see* Wash.Rev.Code § 4.16.080(2).

14      In the Complaint, Plaintiff identifies several different years, 2007, 2010, 2013, 2014,
15 2015, but does not state when the alleged violations occurred. *See* Dkt. 1, ¶¶ 5.2, 5.5, 5.8, 5.10,
16 6.2, 6.5. As it is not clear from the Complaint when the alleged constitutional violations
17 occurred, it cannot be determined if Plaintiff's claims are timely and Defendants cannot
18 determine the applicable time period at issue. Therefore, Plaintiff is required to amend his
19 Complaint to include the dates of the alleged constitutional violations. *See Wood v. Apodaca*,
20 375 F.Supp.2d 942, 949-50 (N.D. Cal. 2005) (granting motion for a more definite statement
21 regarding a statute of limitations issue).

22      Second, Defendants maintain they are unable to properly respond to the Complaint
23 because the allegations in the Complaint are not causally connected to Defendants. Dkt. 19, pp.
24

4-5. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

While unclear, Plaintiff generally contends Defendants violated his constitutional rights by (1) confining him despite the fact he no longer meets the criteria for commitment, Dkt. 1, ¶¶ 5.4, 5.7-5.10; (2) retaliating against him, *id.* at ¶¶ 5.1-5.6; (3) providing inhumane conditions of confinement, *id.* at ¶¶ 5.11, 6.2-6.3; and (4) failing to provide adequate mental health services. *Id.* at ¶ 5.11. However, Plaintiff only provides vague allegations stating Defendants are liable because of their supervisory position or because they were aware of the alleged constitutional violations. *See* Dkt. 1. The Court finds Defendants cannot reasonably prepare a response to the Complaint because the allegations are overly vague and ambiguous regarding how Defendants' actions violated Plaintiff's rights. Therefore, the Court finds Plaintiff must provide a more definite statement. *See Papas v. Bercovici*, 2008 WL 2687441, *6 (D. Ariz. July 2, 2008) ("the Court may entertain a motion for a more definite statement of a pleading that is so vague or ambiguous that the responding party cannot reasonably prepare a response").

**Conclusion**

Based on the above stated reasons, Defendants' Motion for a More Definite Statement is granted. Plaintiff is ordered to file an amended complaint on or before April 4, 2016.

Within the amended complaint, Plaintiff must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Plaintiff must also include the dates of the alleged violations within the amended complaint.

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement.

Dated this 3rd day of March, 2016.

David W. Christel
United States Magistrate Judge