UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL O MCGARY,

               Plaintiff,

     v.

JAY INSLEE, SUSAN DRYFUS,
MARK LINDQUIST, MARK
STRONG, CATHY HARRIS, ELENA
LOPEZ, KAYLA NORTON,
CARRISSA BONNEMA, KATHRINE
GRIM, RANDY PECHOES,

               Defendants.

CASE NO. 3:15-CV-05840-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: April 1, 2016

     The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendant Mark Lindquist's Motion to Dismiss ("Motion"). Dkt. 21.

     Defendant Lindquist filed the pending Motion on January 28, 2016, asserting the Complaint should be dismissed as duplicative of Plaintiff Darnell McGary's previous lawsuit and because the Complaint fails to state a claim upon which relief could be granted. *See* Dkt. 21.

1    On January 27, 2016, the day before Defendant Lindquist filed the Motion, the remaining
2    Defendants filed a Motion for a More Definite Statement, requesting Plaintiff be ordered to file
3    an amended complaint. Dkt. 19.[1] The Court granted the Motion for a More Definite Statement
4    and ordered Plaintiff to file an amended complaint by no later than April 4, 2016. Dkt. 30. On
5    March 10, 2016, Plaintiff filed the First Amended Complaint for Injunctive Relief and Damages
6    [Paragraphs 1. Thru 8.6] ("Amended Complaint"). Dkt. 31.

7    An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d
8    1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v.*
9    *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*,
10    693 F.3d 896 (9th Cir. 2012). Defendant Lindquist's Motion attacks the original Complaint,
11    which is now "non-existent."  Further, after review of the Amended Complaint, Plaintiff
12    included additional facts relating to his claims against Defendant Lindquist. *See* Dkt. 31, pp. 5,
13    15, n. 2; Dkt. 31-1 (Plaintiff attached a letter to the Amended Complaint which states, "The order
14    [to amend the complaint] is not specific to Mark Lindquist, however, I have taken the time to
15    further a time frame on this Defendant as well."). Therefore, Defendant Lindquist will be
16    required to respond to the Amended Complaint.

17    Accordingly, the undersigned recommends Defendant Lindquist's Motion to Dismiss be
18    denied as moot.[2] *Bromfield v. McBurney*, 2008 WL 623322, *2 (W.D. Wash. March 3, 2008)
19    (recommending the defendants' motion to dismiss be denied as moot because an amended
20    complaint was filed, which operated as a complete substitute for the original complaint).

21

22

---

23    [1] The Motion for a More Definite Statement became ready for consideration on February 12, 2016. Dkt. 19.
The Motion to Dismiss became ready for consideration on February 26, 2016. Dkt. 21.
24    [2] The Court notes Defendant Lindquist may refile a motion to dismiss on the Amended Complaint.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

2  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

3  objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

4  objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

5  limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 1,

6  2016, as noted in the caption.

7    Dated this 15th day of March, 2016.

8

9

David W. Christel
10                                      United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24