UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARNELL O MCGARY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAY INSLEE, SUSAN DRYFUS, MARK LINDQUIST, MARK STRONG, CATHY HARRIS, ELENA LOPEZ, KAYLA NORTON, CARRISSA BONNEMA, KATHRINE GRIM, RANDY PECHOES,<br><br>　　　　　　Defendants. | CASE NO. 3:15-CV-05840-RBL-DWC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

　　　　The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff's Motion for the Appointment of Pro Bono Counsel ("Motion"). Dkt. 36.

　　　　No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

*grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In his Motion, Plaintiff complains of staffing and budget problems in the Special Commitment Center, where he is housed. Dkt. 36. Plaintiff concedes he has an ability to articulate his claims, but argues "Counsel should be appointed due to the need for depositions, excessive admissions, and requesting an ombudsman, to restore the constitutionality of the program". *Id*. at p. 2. He also argues the merits of his case show problems which may end the commitment program. *Id.* at p. 6. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court or shown he is likely to succeed on the merits of his case. Therefore, Plaintiff has not shown "exceptional circumstances" exist in this case and his Motion is denied without prejudice.

Dated this 10th day of May, 2016.

David W. Christel
United States Magistrate Judge

ORDER - 2