UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Darnell O McGary,

        Plaintiff,

v.

Jay Inslee et al.,

        Defendants.

CASE NO. C15-5840 RBL-DWC

ORDER

Before the Court are: (1) Plaintiff's Motion for Summary Judgment and Cross-Claim Against Defendants' Motion for Summary Judgment (Dkt. 87); (2) Defendants' Motion for Summary Judgment (Dkt. 89); (3) Plaintiff's Motion for Additional Discovery (Dkt. 106), which the Court interprets as Motion to Continue pursuant to Federal Rule of Civil Procedure 56(d) ("Motion to Continue"); and (4) Plaintiff's "Motion under FRCP 60: Fraud on the Court regarding Pierce County Superior Court Proceeding of Invalidation," ("Motion for Fraud," Dkt. 116).

**1. Stay of Case**

On April 18, 2017, the Court directed the parties to show cause why Defendants' Motion for Summary Judgment (Dkt. 89); Plaintiff's Motion for Summary Judgment and Cross-Claim

Against Defendants' Motion for Summary Judgment (Dkt. 87); and Plaintiff's Motion to Continue (Dkt. 106) should not be stayed, pending the outcome of Plaintiff's appeal in a similar case, *McGary v. Cunningham,* Case No. 3:13-cv-5130-RBL-JRC. Dkt. 125. Both parties indicate they have no opposition to a stay. Dkts. 126, 127.

The district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted). *Clinton v. Jones,* 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983); *Leyva v. Certified Grocers of California Ltd.,* 593 F.2d 857, 863–64 (9th Cir.1979); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008).

Here, several of the issues raised in the parties Motions for Summary Judgment are the same issues before the Ninth Circuit in *McGary v. Cunningham*. In this case, Plaintiff alleges the mental health and sex offender treatment he received at the SCC is unconstitutional, falling below the minimum standards. *See* Dkt. 31. Specifically, Plaintiff maintains he was subjected to: (1) inadequate sex offender treatment, (2) inadequate psychiatric and medical treatment; (3) harassment and mistreatment by Special Commitment Center ("SCC") staff; (4) denial of equal protection; (5) general lack of care related to his conditions of confinement; and (6) violations of several other federal laws and constitutional amendments. Dkt. 31. In *McGary v. Cunningham,* Plaintiff also raised claims related to the SCC's treatment program for mentally ill residents and

whether Plaintiff was provided with adequate treatment under the sex offender treatment program. *See McGary v. Cunningham,* Case No. 3:13-cv-05130-RBL-JRC, Dkts. 42, 153, 156. Because the Ninth Circuit's ruling in *McGary v. Cunningham* could impact the Court's disposition of the pending proceedings, waiting until the issues on appeal are decided will avoid potential unnecessary litigation and provide direction to this Court. *See Jenkins,* 2009 WL 3415902 at 1. Thus, the Court finds a stay of the entire matter, including discovery, pending the Ninth Circuit's decision on appeal would serve the interests of fairness and "promote economy of time and effort" for the Court and the parties. *Kelleher,* 467 F.2d at 244.

Accordingly, the Court orders this entire matter be stayed, pending resolution of Plaintiff's appeal, currently before the Ninth Circuit. The noting dates on Defendants' Motion for Summary Judgment (Dkt. 89); Plaintiff's Motion for Summary Judgment (Dkt. 87); and Plaintiff's Motion to Continue (Dkt. 106) are stricken. Within thirty days of the Ninth Circuit's resolution of the appeal in *McGary v. Cunningham, et al.*, the parties shall file a joint status report, informing the Court of the status of this matter.

**2. Motion for Fraud (Dkt. 116)**

Plaintiff moves for the Court to enter an order pursuant to Federal Rule of Civil Procedure 60 due to "fraud on the court." Dkt. 116. Plaintiff alleges Defendants' counsel has misrepresented his civil commitment proceedings. *Id.* Plaintiff appears to argue his civil commitment proceedings have been invalidated. *Id.*

Defendants contend their characterization of Plaintiff's civil commitment proceedings have been truthful and consistent with the findings made in this Court. Dkt. 123; *See also* Dkt. 73 (Report and Recommendation on Plaintiff's Motion for Partial Summary Judgment). Defendants note Plaintiff was released from civil commitment, pursuant to Wash. Rev. Code 71.09, finding

he no longer met the commitment criteria, not because his prior civil commitment had been invalidated. Dkt 123.

Construing Plaintiff's *pro se* motion liberally, it appears Plaintiff brings the present motion under Rule 60(b)(4) and Rule 60(d)(3). Pursuant to Rule 60(b), a party may move for relief from a judgment or order upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. *See Maraziti v. Thorpe,* 52 F.3d 252, 254 (9th Cir. 1995).

Under Rule 60(d)(3), a court has the authority to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "Because fraud on the court concerns the integrity of the judicial process itself, a judgment may be set aside for fraud on the court at any time." *See* 12–60 Moore's Fed. Prac.-Civ. § 60.21[4][g]. The term "fraud on the court" will be read narrowly. *Appling v. State Farm Mut. Auto. Ins. Co.,* 340 F.3d 769, 780 (9th Cir. 2003). " 'Fraud upon the court' ... embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id.* The burden is on the moving party to establish fraud by clear and convincing evidence. *See Atchison, Topeka & Santa Fe Ry. Co. v. Barrett*, 246 F.2d 846 (9th Cir. 1957). Rule 60(d)(3) only preserves the Court's power to "set aside a judgment for fraud on the court" – which must be shown by clear and convincing evidence and typically does not arise from "[m]ere

nondisclosure of evidence," "perjury by a party or witness," or other mere fraud "connected with the presentation of a case to a court." *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011).

Plaintiff has failed to establish Defendants or Defendants' counsel engaged in any conduct which Rule 60 is intended to remedy and has not shown any exceptional or extraordinary circumstances are at issue in this case. Plaintiff fails to show clear and convincing evidence of fraud such "that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Appling,* 340 F.3d at 780. As this Motion does not meet the standard outlined in Rule 60, Plaintiff's Rule 60 Motion for Fraud (Dkt. 116) is denied.

Dated this 10th day of May, 2017.

David W. Christel
United States Magistrate Judge